UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLO MAGNO,<br><br>    Plaintiff,<br><br> v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>    Defendants. | CASE NO. C17-5478<br><br>ORDER GRANTING MOTION TO COMPEL ARBITRATION |

This matter comes before the Court on Defendant Verizon Wireless Services LLC's ("Verizon") motion to compel arbitration. Dkt. 35. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

On June 19, 2017, Plaintiff Carlo Magno ("Plaintiff") commenced this action by filing his complaint. Dkt. 1. On June 29, 2017, Plaintiff served his complaint on Verizon. Dkt. 19. On October 4, 2017, Verizon filed its answer to the complaint. Dkt. 31. On May 3, 2018, Verizon moved to dismiss the case and compel arbitration. Dkt. 35. On May 21, 2018, Plaintiff responded. Dkt. 38. On May 25, 2018, Verizon replied. Dkt. 39.

Verizon moves to stay this matter and compel arbitration. The Federal Arbitration Act ("FAA") provides that "an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The purpose of the FAA is to "reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24 (1991). To that end, the FAA requires courts to stay proceedings when an issue before the Court can be referred to arbitration. 9 U.S.C. § 3.

Under the FAA, the Court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If the party seeking arbitration establishes both factors, "then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Id.* "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Id.* at 1131.

"[T]he party seeking to enforce an arbitration agreement bears the burden of showing that the agreement exists and that its terms bind the other party." *Peters v. Amazon Servs. LLC*, 2 F. Supp. 3d 1165, 1169 (W.D. Wash. 2013). To determine whether the parties agreed to arbitrate, courts apply ordinary state-law contract principles. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In Washington, "[t]he role of the court is to determine the mutual intentions of the contracting parties according to

the reasonable meaning of their words and acts." *Fisher Props., Inc. v. Arden-Mayfair, Inc.*, 106 Wn.2d 826, 837 (1986).

Verizon has presented an arbitration clause agreed to by Plaintiff when he entered into a contract with Verizon on July 24, 2007. The arbitration agreement states:

> **WE EACH AGREE TO SETTLE DISPUTES (EXCEPT CERTAIN SMALL CLAIMS) ONLY BY ARBITRATION…WE ALSO EACH AGREE, TO THE FULLEST EXTENT PERMITTED BY LAW, THAT:** (1) THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT...ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT FOR WIRELESS SERVICE WITH US OR ANY OF OUR AFFILIATES OR PREDECESSORS IN INTEREST, OR ANY PRODUCT OR SERVICE PROVIDED UNDER OR IN CONNECTION WITH THIS AGREEMENT OR SUCH A PRIOR AGREEMENT…WILL BE SETTLED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA") OR BETTER BUSINESS BUREAS ("BBB").

Dkt. 36 at 15. Plaintiff does not challenge the validity of this agreement, but instead argues that (1) the current controversy does not encompass the dispute at issue, *see* Dkt. 38 at 5, or (2) Verizon waived any right to arbitration, *see id.* at 6–8.

The Court finds that the current controversy is in fact subject to a valid arbitration agreement. On February 11, 2014, Plaintiff upgraded his account via an Interactive Voice Response ("IVR") system. Dkt. 41 at 12. In doing so, Plaintiff accepted the terms and conditions of the upgrade and agreed that:

> "[T]he terms and conditions of the Verizon Wireless Customer Agreement and my Plan, which were previously provided to me, continue to apply to my service. I agree to extend my contract term for 2 years from the date my equipment ships . . . I understand these terms and conditions can be viewed on My Verizon at VerizonWireless.com . . . ."

ORDER - 3

*Id.* at 10. The terms and conditions available at VerizonWireless.com also included an arbitration clause as follows:

> YOU AND VERIZON WIRELESS BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT. THERE'S NO JUDGE OR JURY IN ARBITRATION, AND THE PROCEDURES MAY BE DIFFERENT, BUT AN ARBITRATOR CAN AWARD YOU THE SAME DAMAGES AND RELIEF, AND MUST HONOR THE SAME TERMS IN THIS AGREEMENT, AS A COURT WOULD. . . . WE ALSO BOTH AGREE THAT:
> (1) THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT. EXCEPT FOR SMALL CLAIMS COURT CASES THAT QUALIFY, *ANY DISPUTE THAT IN ANY WAY RELATES TO OR ARISES OUT OF THIS AGREEMENT OR FROM ANY EQUIPMENT, PRODUCTS AND SERVICES YOU RECEIVE FROM US* (OR FROM ANY ADVERTISING FOR ANY SUCH PRODUCTS OR SERVICES) WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA") OR BETTER BUSINESS BUREAU ("BBB").

*Id.* at Dkt. 41 at 24–25 (emphasis added). Plaintiff's dispute plainly arises out of the 2014 renewal contract. He claims that Verizon sent him equipment under the contract in accordance with a promotion, that the equipment was defective, that he therefore cancelled the contract, and that Verizon then erroneously reported that Plaintiff owed $602.00 under the contract notwithstanding the cancellation. *See* Dkt. 1 at 3–4. Moreover, Verizon has indicated that the amount sent to collections about which Plaintiff complains is in fact a result of intermittent and insufficient payments on Plaintiff's account pursuant to the service he was provided in 2013 under the previous contract.

The Court further finds that Verizon did not waive its right to arbitration. "The right to arbitration, like any other contract right, can be waived." *United States v. Park Place Assocs.*, 563 F.3d 907, 921 (9th Cir. 2009). "However, . . . waiver of the right to

arbitration is disfavored because it is a contractual right, and thus any party arguing waiver of arbitration bears a heavy burden of proof." *Id.* Proving waiver requires that a party show: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.* (quoting Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986).

Verizon does not dispute that it knew of its right to arbitrate at the outset of this litigation. Indeed, Verizon was in possession of all of the documentation of Plaintiff's agreement to the arbitration clause and must have been familiar with its own business practices. Whether Verizon has taken actions inconsistent with its right to arbitrate is a closer question. The actions that Plaintiff argues weigh in favor of finding a waiver has occurred include: (1) Verizon's failure to list the arbitration agreement in its initial disclosures, (2) its failure to move to compel arbitration until over ten months after Plaintiff served his complaint, and (3) its failure to raise the issue of arbitration in its answer to the complaint and affirmative defenses.

Plaintiff's first argument fails, as Verizon's initial disclosure broadly listed "materials for Plaintiff's Verizon Account including but not limited to the account summary and account billings." Dkt. 38 at 14. A reasonable interpretation of "materials for Plaintiff's Verizon Account" would logically include the contract that sets forth the terms and conditions of his relationship with Verizon. If Plaintiff thought this initial disclosure was too broad or otherwise inadequate, he should have requested relief. *See* Fed. R. Civ. P. 37.

Plaintiff's second argument is stronger, but likewise fails. Plaintiff cites authority for the proposition that an eight-month delay in moving to compel, coupled with participation in discovery, has been found as sufficiently inconsistent with the right to arbitrate as to amount to a waiver of that right. Dkt. 38 at 7 (citing *S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990)). However, in *S & H Contractors, Inc.*, the party seeking to compel arbitration had engaged in significant motions practice and discovery, such as filing a previous motion to dismiss that failed to raise the issue of arbitration, filing opposition papers in a discovery dispute, and taking depositions of five of the other party's employees. *S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d at 1514. In contrast, Verizon has not propounded in any discovery other than informal requests for documentation, and no discovery requests have been served on it. Dkt. 40 at 2. Additionally, Verizon has not litigated any issue in this case other than its present motion to compel arbitration.

Finally, although Verizon's failure to initially plead arbitration as an affirmative defense was inconsistent with its right to compel arbitration, the Court is similarly not convinced by Plaintiff's argument that this failure constitutes a waiver. "The fact that a party fail[s] to raise as an affirmative defense his right to arbitrate is not sufficient, absent a showing of prejudice, to establish waiver." *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1413 (9th Cir. 1990). Plaintiff's only claim of prejudice is that his attorney's fees and costs invoiced prior to the present motion to compel have accumulated to $24,467.30. Dkt. 38 at 19. However, Plaintiff has not presented any evidence to suggest that those fees are a result of a delay by Verizon in raising the issue of arbitration or moving to

compel. Indeed, the docket reflects that Plaintiff's attorney fees and costs include negotiations which resulted in the settlement or dismissal of Plaintiff's claims against Defendants Equifax and Trans Union. *See* Dkts. 26, 34. Without further explanation behind the reasons for the claimed attorney fees and costs Plaintiff has failed to carry his burden in showing "prejudice . . . resulting from [Verizon's] inconsistent acts." *Park Place Assocs.*, 563 F.3d at 921.

Accordingly, the Court finds that a valid arbitration agreement encompasses the dispute at issue and Verizon did not waive its right to compel arbitration. Verizon's motion to compel arbitration (Dkt. 35) is **GRANTED**. This case is **STAYED** and administratively closed. The parties shall move to dismiss or reopen the case upon the completion of arbitration.

**IT IS SO ORDERED**.

Dated this 14th day of June, 2018.

BENJAMIN H. SETTLE
United States District Judge